UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMONTE BROWN,

                Plaintiff,

-against-

BOARD OF DIRECTORS, THE DOOR NYC,

                Defendants.

22-CV-2646 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction. He also asserts that "liberty of party" is a jurisdictional basis of his claims. (ECF 2, at 2.) By order dated April 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the Board of Directors of The Door, an organization with the same Manhattan address Plaintiff lists as his own. Plaintiff invokes the Court's diversity jurisdiction, and he also claims "liberty of party" as a jurisdictional basis for his claims. (ECF 2, at 2.).[1] The events giving rise to this complaint allegedly began in 2020 and continue to the present. However, the complaint, which Plaintiff labels as an "emergency application," does not provide specific facts about what exactly occurred. Plaintiff asserts that he has experienced pain

---

[1] Because both parties are apparently citizens of New York, Plaintiff fails to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

and suffering and "causation of external occupational activities." (ECF 2 ¶ III.) Plaintiff claims that "failure will incite further litigation whereas sufficient cause and need is presentable"; and that "no notice of cause served to avoid further incidence between key persons at places of occurrence." (*Id.*) Plaintiff seeks damages, "forfeiture of all activity and operation of corporation represented in case by policy maker," and "transfer of ownership rights to Plaintiff or equivalent."[2] (*Id.* ¶ IV.)

## DISCUSSION

Plaintiff does not set forth a cause of action in his complaint. Because Plaintiff asserts that one of the jurisdictional bases of his claims is "liberty of party," the Court construes the pleading as asserting a federal a claim under 42 U.S.C. § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.")

The Door is a private party that is not alleged to have any affiliation with a state or other government body. Plaintiff thus has not stated a claim against this Defendant under Section 1983, and the complaint is dismissed for failure to state a claim on which relief may be granted.

---

[2] Generally, courts may take judicial notice of publicly available information, including from a website. *See Force v. Facebook, Inc.*, 934 F.3d 53, 60 (2d Cir. 2019) (citing *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of content of website whose authenticity was not in question)). Plaintiff does not provide any information about The Door but, according to the entity's website, it is a private organization that works to "empower young people." *See* https://door.org/about-door/.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff sues a private entity against which he cannot state a Section 1983 claim and there is no basis for diversity jurisdiction. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge